## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## SHERMAN DIVISION

| | | |
|---|---|---|
| **MUSTAFA EL SHABAZZ BEY** | § | |
| | § | |
| **v.** | § | **NO. 4:23-CV-00150-ALM-BD** |
| | § | |
| **CHRISTINE A. NOWAK,** *et al.* | § | |
| | § | |

## REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

This case was referred to a United States Magistrate Judge for pre-trial purposes in accordance with 28 U.S.C. § 636. Dkt. 2 (referral order); *see* Entry for Sept. 3, 2024 (reassigning case to Magistrate Judge Bill Davis). On February 27, 2023, the *pro se* plaintiff filed a motion to proceed *in forma pauperis*. Dkt. 3.

### BACKGROUND

The plaintiff claims that his rights were violated in another case in this district, case number 4:21-CV-00111, when a magistrate judge and a clerk of court did not recognize him as Mustafa El Shabazz Bey. The clerk entered the plaintiff's name in the record as Noland Roosevelt Byrd. The plaintiff stated that he had changed his name from Noland Roosevelt Byrd to Mustafa El Shabazz Bey. The court ordered the plaintiff to provide evidence that he had in fact changed his name by some legal means. *Byrd v. Plano Police Dep't*, 4:21-CV-00111-RAS-CAN (E.D. Tex.), Dkts. 9, 17. He failed to do so, instead providing a document that declared his new name "in accord with [his] Moorish Nation of Northwest Amexem / North America - acknowledging [his] Birthrights." *Id.* at Dkt. 1-4. Because the plaintiff failed to comply with the court's order, the court dismissed his claims without prejudice. *Id.* at Dkts. 25, 26.

### ANALYSIS

The federal *in forma pauperis* statute, 28 U.S.C. § 1915, is "designed to ensure that indigent litigants have meaningful access to the federal courts." *Neitzke v. Williams*, 490 U.S. 319, 324

(1989); *see Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 342–43 (1948). To that end, § 1915(a) allows a litigant to commence a civil or criminal action in federal court *in forma pauperis* by filing in good faith an affidavit stating that he is unable to pay the costs of the lawsuit. *Neitzke*, 490 U.S. at 324. A litigant "whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Id.* "To prevent such abusive or captious litigation, § 1915(d) authorizes federal courts to dismiss a claim filed *in forma pauperis* if . . . the action is frivolous or malicious." *Id.* (quotation marks omitted). "[A] complaint . . . is frivolous where it lacks an arguable basis either in law or in fact." *Id.* at 325; *Parker v. Carpenter*, 978 F.2d 190, 191 n.1, 192 (5th Cir. 1992); *Ancar v. Sara Plasma, Inc.*, 964 F.2d 465, 468 (5th Cir. 1992).

The plaintiff's claims lack an arguable basis in law and should be dismissed. The plaintiff did not legally change his name. *See* Tex. Fam. Code § 45.101–.103 (requiring an adult to file a petition in the county of his residence and receive an order from the court to change his name). Rather, the plaintiff declared his new name under a self-proclaimed "Moorish birthright." That is not sufficient. *See id.*; *cf. Bryant v. Fort Worth Police Dep't*, No. 4:20-cv-078-O, 2021 WL 793756, at *2 (N.D. Tex. Mar. 2, 2021) (collecting cases that found "Moorish American" claims "not credible"). Even more, the plaintiff failed to comply with the court's orders, so, under Federal Rule of Civil Procedure 41(b), the court was permitted to dismiss the action *sua sponte. Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998).

The plaintiff's claims against both the judge and the clerk are also barred by immunity. Judges have absolute immunity for judicial actions unless they act in "the clear absence of all jurisdiction." *Stump v. Sparkman*, 435 U.S. 349, 356–57 (1978); *Davis v. Tarrant County*, 565 U.S. 214, 221–22 (5th Cir. 2009). An act is "judicial" when (1) it is a function normally performed by a judge and (2) the parties deal with the judge in her judicial capacity. *Stump*, 435 U.S. at 362. Here, the acts of the judge were judicial in nature and performed within the court's jurisdiction. The judge issued orders and recommended that the case be dismissed, both of which are functions normally performed by a magistrate judge. *See* 28 U.S.C. § 636. Further, the plaintiff dealt with the judge

only in her judicial capacity. The plaintiff's claims against the judge are thus barred by absolute immunity.

Court staff are also protected by immunity. They have absolute immunity for acts that they are required to do by court order or a judge's instruction, and they have qualified immunity for the performance of routine, discretionary acts. *Williams v. Wood*, 612 F.2d 982, 984–985 (5th Cir. 1980). To the extent the clerk acted under court order or at the judge's instructions, the clerk has absolute immunity. To the extent the clerk performed routine, discretionary acts, the plaintiff has not shown that the clerk violated "clearly established statutory or constitutional rights of which a reasonable person would have known," *Mullenix v Luna*, 577 U.S. 7, 11 (2015), by using the plaintiff's legal name, so the clerk is further entitled to qualified immunity. The claims against the clerk are thus barred by both absolute and qualified immunity.

Because the plaintiff's claims have no basis in law and are barred by immunity, they should be dismissed.

## RECOMMENDATION

It is **RECOMMENDED** that the case be **DISMISSED WITHOUT PREJUDICE**.

\*   \*   \*

Within fourteen days after service of this report, any party may serve and file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(C).

A party is entitled to a de novo review by the district court of the findings and conclusions contained in this report only if specific objections are made. *Id.* § 636(b)(1). Failure to timely file written objections to any proposed findings, conclusions, and recommendations contained in this report will bar an aggrieved party from appellate review of those factual findings and legal conclusions accepted by the district court, except on grounds of plain error, provided that the party has been served with notice that such consequences will result from a failure to object. *Id.*; *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), *superseded by statute on other grounds,* 28 U.S.C. § 636(b)(1).

So ORDERED and SIGNED this 31st day of October, 2024.

Bill Davis
United States Magistrate Judge